The Honorable Don Steen Representative, District 113 State Capitol Building, Room 109G Jefferson City, Missouri 65101
Dear Representative Steen:
This opinion letter is in response to your questions asking:
 Is Lake of the Ozarks precluded from falling under the authority of Chapter 68, RSMo, regarding Port Authorities, by reason of the passage of Sections 67.783, 67.785, 67.787, 67.788, 67.789, and 67.790, RSMo, regarding Lake Authorities?
 If it is not precluded, what requirements are there to have pre-existing commercial and/or industrial facilities prior to formation of a Port Authority?
Along with your questions, you state:
* * *
 City of Lake Ozark is located on the common boundary between the Lake of the Ozarks and the Osage River. There is extensive recreational commercialization of the area. There is no heavy industry and some commercial activities not related to recreation. The Board of Aldermen of the City of Lake Ozark are in favor of the formation of a Port Authority.
The "County Recreational System Act" was enacted by Senate Committee Substitute for Senate Bill No. 776, 85th General Assembly, Second Regular Session (1990), and is codified as Sections 67.781 to 67.790, RSMo. Section 67.783, RSMo Supp. 1990, provides for the creation of a recreational lake authority.
 67.783. Recreational lake authority — purpose and powers — exemption — immunity. — 1. There is hereby created within any county of the third class having a population of more than ten thousand and less than fifteen thousand and any county of the second class having a population of more than fifty-eight thousand and less than seventy thousand adjacent to such third class county, both counties making up the same judicial circuit, a joint county recreational lake authority, which shall be a body corporate and politic and a political subdivision of this state.
 2. Subject to the limitations in section 67.788, the authority may exercise its powers over the reservoir area encompassing any recreational lake and within five thousand feet of the conservation storage level of any recreational lake constructed or to be constructed by the authority pursuant to sections 67.781 to 67.790.
 3. It shall be the purpose of each authority to promote the general welfare, to promote recreation and to encourage private capital investment through the construction, operation and maintenance of a recreational lake and related improvements to be located jointly in the second class county and the third class county.
 4. The income of the authority and all property at any time owned by the authority shall be exempt from all taxation or any assessments whatsoever to the state or of any political subdivision, municipality or other governmental agency thereof.
 5. No county in which an authority is organized shall be held liable in connection with the construction, operation or maintenance of any project or program undertaken pursuant to sections 67.781 to 67.790, including any actions taken by the authority in connection with any project or program undertaken pursuant to sections 67.781 to 67.790. [Emphasis added.]
We understand Lake of the Ozarks is located in Miller, Camden, Morgan and possibly Benton Counties. Miller County is a third class county, Camden County is a second class county, Morgan County is a third class county, and Benton County is a third class county.[1] The population of Camden County, the only second class county of the listed counties, is substantially below the fifty-eight thousand threshold referred to in Section 67.783, RSMo Supp. 1990. Because the counties in which Lake of the Ozarks is located do not meet the specifications set out in Section 67.783, RSMo Supp. 1990, the provisions relating to the creation of recreational lake authorities do not apply to Lake of the Ozarks.
Authorization for a city or county to form a port authority is provided in Section 68.010, RSMo 1986, which states in part:
 68.010. Cities and counties authorized to form port authorities, when. — 1. Every city or county which is situated upon, or adjacent to, or which embraces within its boundaries a navigable waterway, is hereby authorized to form a local port authority, and upon approval of the highways and transportation commission of the state of Missouri, the port authority shall be a political subdivision of this state. In every constitutional charter city not within a county, a local "Port Authority" is created by sections 68.010, 68.015, 68.025, 68.040, 68.045, 68.060 and 68.070 and shall become a political subdivision of this state September 28, 1975.
 2. The highways and transportation commission of the state of Missouri is hereby authorized to accept applications, conduct hearings, and approve or disapprove applications for approval of local or regional port authorities as political subdivisions of this state, as provided herein, but in determining the approval or disapproval of such applications, the highways and transportation commission shall consider the following criteria:
 (1) The population of any city and/or county submitting the application;
 (2) The desirability and economic feasibility of having more than a single port authority within the same geographic area;
 (3) The technical and economic capability of participating cities and/or counties, as well as private interests, to plan and carry out port development within the proposed district;
 (4) The amount of actual and potential river traffic that would make use of any facilities developed by a port authority;
 (5) The potential economic impact on the immediate area from which the application originates; and
 (6) The potential impact on the economic development of the entire state and how the proposed port authority's developmental activities relate to any state plans.
* * *
 3. No city shall create a port authority under sections 68.010, 68.015, 68.025, 68.040, 68.045, 68.060 and 68.070
if said city is located within a county that has created a port authority which has received approval as a political subdivision of this state under sections 68.010, 68.015, 68.025, 68.040, 68.045, 68.060 and 68.070.
The criteria for consideration in determining whether an application should be approved does not specify preexisting commercial or industrial facilities.
Very truly yours,
 WILLIAM L. WEBSTER, Attorney General
[1] Official Manual, State of Missouri, 1991-1992